

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 18, 1950

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-1006.

Re: The applicability of S. B.
92, 51st Leg., authorizing
increases in the pay of pre-
cinct, county, and district
officers, to the compensa-
tion of members of the Juve-
nile Board.

Dear Sir:

Your request for an opinion is as follows:

"A motion was made in the Commissioners'
Court of Nueces County to raise the salaries
of the members of the Juvenile Board the reg-
ular 25% authorized by Senate Bill # 92 for
all precinct, county and district offices.
This motion was tabled to determine the va-
lidity of granting the increase, all elected
officials in Nueces County being granted this
increase in July, 1949.

"In Section 1 of Senate Bill #92 the
Commissioners' Court of each county was au-
thorized to increase the compensation of the
precinct, county and district offices in an
additional amount not to exceed 25%, provided
that if the salaries of the Commissioners
Court were raised, all other offices would
have to be raised in proportion.

"Article 5139, VCS, provides that in
counties of between 70,000 and 100,000, in
which Nueces County falls, a Juvenile Board
would be formed consisting of District Judg-
es and County Judge. Under this statute each
of these judges in Nueces County are paid
$1200.00 per year, in addition to the salary
as judge, for serving on said Board.

"It is my opinion that the members of
the Juvenile Board should not be allowed the

25% increase authorized in Senate Bill #92 because they are not called officers under Article 5139, VCS, but merely members. This opinion is substantiated by the case of Jones v. Alexander, 59 SW 2d 1080, which decided that membership on a Juvenile Board was not 'public office' so as to prevent receiving at the same time, a salary as a member of the board and as a judge."

Article 5139, V.C.S., as amended by S. B. 426, Acts 51st Leg., R.S. 1949, ch. 366, p. 699, provides in part:

"In any county having a population of more than seventy thousand (70,000) inhabitants and less than one hundred thousand (100,-000) inhabitants according to the last preceding Federal Census, the Judges of the several District and Criminal District Courts of such county together with the County Judge of such county, are hereby constituted a Juvenile Board for such county. The members composing such Juvenile Board in such county shall each be allowed additional compensation of not less than Six Hundred ($600.00) Dollars per annum, nor more than One Thousand Two Hundred ($1,200.00) Dollars per annum, which shall be paid in twelve (12) equal installments out of the General Fund of such county, such additional compensation to be fixed by the Commissioners Court of such county."

In the case of Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933), the court in holding provisions, identical with those above quoted, constitutional stated that membership on juvenile board did not constitute a "public office" in violation of Section 40 of Article XVI of the Constitution of Texas prohibiting the same person from holding or exercising at the same time more than one civil office of emolument. The court held that the Act merely imposed additional duties on the district judges rather than creating an additional office.

Section 1 of Article 3912g, V.C.S. (S. B. 92, Acts 51st Leg., R.S. 1949, ch. 320, p. 601) provides:

"Section 1. The Commissioners Court in each county of this State is hereby authorized,

when in their judgment the financial condition of the county and the needs of the officer justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion."

The provisions of Article 3912g, V.C.S., are limited to "the precinct, county and district officers" and "the deputies, assistants and clerks of any district, county or precinct officer." Letter opinion to Hon. M. F. Kieke, County Attorney, Lee County, dated January 14, 1950.

We agree with the conclusion reached by you in the brief submitted with your request. Since the members of Juvenile Boards are not public officers as such, neither are they district or county officers within the meaning of Article 3912g. Therefore the compensation of said members as such may not be increased under the provisions of Article 3912g.

An additional reason sustains the above result. Senate Bill 92 was passed May 31, 1949, and became effective June 6, 1949, while Senate Bill 426 was passed June 9, 1949, and became effective June 13, 1949. Since Senate Bill 426 is a specific statute governing the salaries of the members of the Juvenile Board and was passed and became effective subsequent to Senate Bill 92 (a general law), it would control over the provisions of Senate Bill 92. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

## SUMMARY

The compensation of members of Juvenile Boards as such may not be increased under the provisions of Article 3912g, V.C.S., since membership on a Juvenile Board does not constitute a public office as such. Jones v. Alexander, 126 Tex. 328, 59 S.W.2d 1080 (1933).

150

The salaries of the members of the Juvenile Board are governed by the provisions of Senate Bill 426, Acts 51st Leg., R.S. 1949, ch. 366, p. 699, being a specific statute covering such salaries and is a later statute than Article 3912g, V.C.S. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By John Reeves
John Reeves
Assistant

JR:mw:bh